**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | **2/12/08** | Docket #: | **08-40377 MSH** |
| Debtor: | **Gordon F Latour** | Co-Debtor: | **Tracy L Latour** |
| SS#: | **xxx-xx-9763** | SS#: | **xxx-xx-6281** |
| Address: | **8 New Spencer Road**<br>**Charlton, MA 01507** | Address: | **8 New Spencer Road**<br>**Charlton, MA 01507** |

| | |
|---|---|
| Debtor's Counsel: | **David R. Chenelle 628424** |
| Address: | **33 Waldo Street**<br>**Worcester, MA 01608** |
| Telephone #: | **508-793-1606** |
| Facsimile #: | **508-793-1620** |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE OR HAVE RECEIVED A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL FIFTEEN (15) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

## OFFICIAL LOCAL FORM 3A
## POST-CONFIRMATION AMENDED CHAPTER 13 PLAN

DATED: ____

POST-CONFIRMATION __SECOND AMENDED__ CHAPTER 13 PLAN
(Insert First, Second etc.)

Docket No.: __08-40377 MSH__

DEBTORS:  (H)  **Gordon F Latour**          SS#:  **xxx-xx-9763**

(W)  **Tracy L Latour**          SS#:  **xxx-xx-6281**

I. AMENDED PLAN PAYMENT AND TERM:

TERM OF THE PLAN: **60** Months (Total length of Plan - not no. of months remaining.)  If the plan is longer than thirty-six (36) months, a statement of cause under 11 U.S.C.§1322(d) must be attached hereto.

AMENDED PLAN PAYMENT: Debtor(s) to pay monthly: $ __**$1,302.00**__

EFFECTIVE: __**February, 2011 payment**__   (Insert new payment beginning date.)

The claims listed below must include amounts previously disbursed by the Trustee on all claims which have subsequently been withdrawn or disallowed.

**Detailed description of Plan Payments:**
**$393.00  per month for 28  months**
**$670.00  per month for 4  months**
**$1,302.00  per month for 28  months - To start with the Debtors' February, 2011 payment.**

II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Kay Jewelers** | **Purchase Money Security** | $ 443.89 |
| **Wilshire Credit Corp.** | **Pre-petition arrears** | $ 3,806.64 |

Total of secured claims to be paid through the Plan:  $       **4,250.53**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Metropolitan Credit Union** | **Automobile loan** |
| **United Consumer Financial Services** | **Purchase Money Security** |
| **Wilshire Credit Corp.** | **Mortgage** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-**; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-**

    iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | Employment taxes | $ 22,726.97 |
| MDOR | Employment Taxes | $ 11,474.31 |
| | Total of Priority Claims to Be Paid Through the Plan: | $ 34,201.28 |

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys Fees (to be paid through the plan):     $ **2,250.00**
    (Includes $500.00 for post confirmation work)

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **3.5652** % of their claims.

A. General unsecured claims:     $ **0.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Bernie's Appliance Co., Inc. | Judicial Lien | $ 104,000.00 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of Unsecured Claims (A + B + C):     $ **132,651.79**

D. Multiply total by percentage:     $ **4,726.59**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E.  Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

Total amount of separately classified claims payable at ____%   $ _____ **0.00**

VI.  OTHER PROVISIONS:

A.  Liquidation of assets to be used to fund plan:

B.  Miscellaneous provisions:
**Special Intentions:**

**Santander Consumer, USA, Inc.: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim.  Creditor shall be allowed an unsecured claim for the deficiency balance owed.**

**This is a "Pot Plan", in which the total of all payments in respect of unsecured creditors is a constant amount, from which holders of allowed priority and administrative claims and persons entitled to recover administrative expenses as provided herein shall be paid 100%.  The Trustee shall distribute the balance rateably amongst holders of their allowed unsecured claims.  The percentage dividend stated in this plan is an estimate based on claims currently know to the Debtor(s) and does not govern the amount of payments to general unsecured creditors.  General unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan.**

C.  Set forth below, all changes from the previously Confirmed Plan:

Secured:  **Increase by $3,307.40**

Priority:  **Total increase of $17,632.90**

Unsecured:  **Decrease by $22,351.41**

Term:  **N/A**

Plan Payment:  **Increase to $1,314.00**

VII.  CALCULATION OF AMENDED PLAN PAYMENT

| | | |
|---|---|---|
| a) Secured claims  (Section II-A&D Total): | $ | 4,250.53 |
| b) Priority claims  (Section III-A&B Total): | $ | 34,201.28 |
| c) Administrative claims  (Section IV-A&B Total): | $ | 2,250.00 |
| d) Regular unsecured claims  (Section V-D Total): + | $ | 4,726.59 |
| e) Separately classified unsecured claims: | $ | 0.00 |
| f) Total of a + b + c + d + e above: | =$ | 45,428.40 |
| g) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | 50,476.00 |

(This represents the total amount to be paid into the Chapter 13 Plan)

| | | |
|---|---|---|
| h) Subtract the total amount of payment the Debtor has paid to the Trustee to date: | $ | 14,039.00 |
| i) Total amount left to be paid (g minus h) | $ | 50,476.00 |
| j) Divide (i) by # of months remaining: | | 28 |
| k) Round up to nearest dollar: Amended  Monthly Plan Payment: | $ | 1,302.00 |

Date Amended Payment to begin:  **February, 2011**

## VIII. LIQUIDATION ANALYSIS

☒ The Debtor avers that there have been no material changes to the total amount set forth in the Summary of the Liquidation Analysis of the Debtor's previously Confirmed Plan.

A. Real Estate:

| List Each Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **8 New Spencer Road Charlton, MA 01507** | $ 257,071.00 | $ 401,058.43 |

Total Net Equity for Real Property: $ 0.00
Less Exemptions (Schedule C): $ 0.00
Available Chapter 7: $ 0.00

B. Automobile (Describe year, make and model):

| | | | | | | |
|---|---|---|---|---|---|---|
| **2006 Ford F-150 truck (9000 miles)** | Value $ | 23,746.00 | Lien $ | 30,313.83 | Exemption $ | 0.00 |
| **2006 Ford Escape (26,000 miles)** | Value $ | 19,000.00 | Lien $ | 20,657.27 | Exemption $ | 0.00 |

Total Net Equity: $ 0.00
Less Total Exemptions (Schedule C): $ 0.00
Available Chapter 7: $ 0.00

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

**Southbridge Savings Bank - Checking Account**
**Southbridge Savings Bank - Savings**
**Kirby Vacuum cleaner**
**Household belongings**
**Clothing**
**Jewelry**
**Term Life Insurance Policy**
**Paragon Appliances, Inc.**
**100% Owner**
**Hand tools**
**2 dogs, 1 cat**

Total Net Value: $ 6,856.11
Less Total Exemptions (Schedule C): $ 5,950.00
Available Chapter 7: $ 906.11

D. Liquidation Summary (Total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ 906.11

E. Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor(s) or his or her counsel will serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and file a Certificate of Service accordingly.

| /s/ David R. Chenelle | 2/10/11 |
|---|---|
| **David R. Chenelle 628424** | Date |

Debtor's Counsel

Counsel's Address:  **6 Lyberty Way**
**Suite 201**
**Westford, MA 01886**

Tel# **978-496-2000**   Fax:**978-496-2002**   Email Address: **dchenelle@perkinslawpc.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date  **2/9/11**          Signature   /s/ Gordon F. Latour
                                      **Gordon F Latour**
                                      Debtor

Date  **2/9/11**          Signature   /s/ Tracy L. Latour
                                      **Tracy L Latour**
                                      Joint Debtor